MALONEY, Collector of Internal Revenue, v. HAMMOND.

No. 12073.

United States Court of Appeals Ninth Circuit.

Dec. 3, 1948.

As Amended Dec. 13, 1948.

226

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and James P. Garland, Sp. Assts. to Atty. Gen., and Henry L. Hess, U. S. Atty., of Portland, Or., for appellant.

Robt. T. Jacob and S. J. Bischoff, both of Portland, Or., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Appellee moves to dismiss this appeal duly taken on June 14, 1948, on the ground that appellant failed to file the transcript for docketing here within the time provided by Federal Rules of Civil Procedure, rule 73(g), 28 U.S.C.A., providing:

"Docketing and Record on Appeal. The record on appeal as provided for in Rules 75 and 76 shall be filed with the appellate court and the appeal there docketed within 40 days from the date of filing the notice of appeal * * *. In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the appeal, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as extended by a previous order; but the district court shall not extend the time to a day more than 90 days from the date of filing the first notice of appeal.

It appears that on July 15, 1948, appellant filed with the district court his written notice of motion for an extension of time to file the transcript for docketing, which the district court failed to grant or deny but on which notice it wrote, "No action." Thereafter, on July 16, 1948, appellant moved this court for an extension of time for 90 days from June 14, 1948, the day the appeal was taken, to file the transcript and the

then Senior Circuit Judge, acting under our rule 32, granted the motion. By successive orders by the Chief Judge, the time was extended to October 23, 1948. On October 22, 1948, the transcript was filed.

Appellee contends that under the statute and rules, the court was without power to grant these orders. The court has had at all times jurisdiction of the appeal. We think that this court has power to grant the requested extension where the district court refuses either to deny or grant an extension of time. Our rule 13* is not applicable in such a situation, since it provides for this court's action only where the district court has given some extension of time.

If this court is without power to act, then it would rest in the uncontrolled discretion of the district court to determine whether an appellant in this court shall have more than 40 days to file the transcript here. If it refuses in the thirty-ninth day to extend the time, the appellee may force a dismissal of the appeal. The experience of this court shows innumerable cases where the transcript cannot possibly be prepared in 40 days.

F.R.C.P. 73(a) gives us the power to act without providing any rule. The pertinent portion reads:

"A party may appeal from a judgment by filing with the district court a notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

This being a case where "no remedy is specified" in any rule, the court is empowered to take such action as it deems appropriate. Here the court's appropriate action was the extension of time prayed for by appellant, by the judges authorized to act under our rule 32. No one contends

---

* "Extension of Time to File Transcript of Record. For good cause shown, any judge of this court may enlarge the time to file the transcript of record before the expiration of the time fixed by order under Rule 73 of the Federal Rules of Civil Procedure, or valid extensions thereof, the orders of enlargement to be filed with the clerk of the trial court, and all such orders transmitted as a part of the certified transcript to this court."

that the appeal is without merit and we deem it entitled to the court's consideration Pyramid Motor Corp. v. Ispass, 330 U.S. 695, 704, 67 S.Ct. 954, 91 L.Ed. 1184. We regard a dismissal is not appropriate to the present situation.

The motion to dismiss is denied.

BONE, Circuit Judge (dissenting).

In my judgment the record in this case clearly indicates a delay in prosecuting the appeal which amounts to inexcusable neglect on the part of appellant. I would dismiss the appeal.